IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YAZMIN R. M., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:17-cv-2625-L-BT |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's final adverse decision. The district court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the court should AFFIRM the Commissioner's decision.

**Background**

Plaintiff alleges she is disabled due to a variety of ailments, including back and leg pain, depression, bipolar disorder, hypertension, and hypothyroidism. Administrative Record ("A.R.") 310 (ECF No. 12-1). After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id.* 26. That hearing and a supplemental hearing took place on August 11, 2015, and April 11,

1

2016, respectively, and resulted in a decision denying disability benefits. *Id.* 26-38. At the time of the ALJ's decision, Plaintiff was 42 years old. *See id.* 32, 38, 86. She has less than a high school education and is not able to communicate in English. *Id.* 87. Plaintiff has past work experience as a meat clerk. *Id.*

At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her last date insured. *Id.* 28. At steps two and three, the ALJ found that Plaintiff's hypertension, gastritis, hyperlipidemia, hypothyroidism, obesity, anxiety disorder, and bipolar disorder were severe impairments, but that she did not have an impairment or combination of impairments that met or equaled the severity of any impairment listed in the social security regulations. *Id.* 28-31. The ALJ further found Plaintiff had the residual functional capacity ("RFC") for a limited range of light, unskilled work. *Id.* 31-36. At step four, the ALJ determined that Plaintiff could not perform her past work. *Id.* 36. At step five, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as a cleaner, a power screwdriver operator, and a garment sorter—jobs that exist in significant numbers in the national economy. *Id.* 37.

---

[1] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citation omitted); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council affirmed. *Id.* 5-7. Plaintiff then filed this action in federal district court in which she argues the ALJ's decision is not supported by substantial evidence.

## Legal Standards

Judicial review in social security appeals "'is limited to two inquiries: (1) whether the ALJ's decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (footnote omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985)); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

Plaintiff first challenges the ALJ's determination that Plaintiff has the RFC to perform a limited range of light, unskilled work, as follows:

> [Plaintiff] can lift, push, pull, and carry 10 pounds frequently and 20 pounds occasionally; and has the ability to sit for 6 hours in an 8-hour workday, and can stand and or walk 6 hours out of an 8-hour workday. Postural activities are limited to occasional but no ladders, ropes, or scaffolds. Environmentally, [Plaintiff] should avoid hazards, moving machinery; open flames, pits, and pools of water; and uneven services. [Plaintiff] has the capacity for understanding, remembering, and carrying out only simple instructions; making judgments commensurate with the functions of unskilled work, that is simple work-related decisions; can respond appropriately to supervision and co-workers and usual work situations, and in dealing with changes in a routine work setting. However, [Plaintiff] must have work that does not require joint decision making or teamwork, and contact with members of the general public must be no more than occasional and such contact must not require [Plaintiff's] direction or to receive directions from such members (interaction with people on the job must be superficial rather than of a substantive nature). [Plaintiff] can perform simple, routine, solitary, and repetitive work that does not require close oversight by a supervisor. [Plaintiff] needs an indoor, climate-controlled environment. [Plaintiff] does not speak English.

A.R. 31. Plaintiff argues this RFC assessment is not supported by substantial evidence because the ALJ failed to consider all the evidence and failed to properly accommodate for limitations resulting from Plaintiff's back and shoulder pain. Plaintiff further argues that the ALJ's RFC assessment is inconsistent with the evidence of record, including the opinions of two consultative examiners.

Contrary to Plaintiff's arguments, the ALJ's written decision shows that he properly considered all the record evidence. A.R. 31-36. The decision discusses longitudinal treatment notes from Plaintiff's visits to various clinics and doctors, hospital records, and test results. *Id.* The decision also discusses the medical opinion evidence of record, including the opinions of consultative examiners Dr. Patel and Dr. Huynh, as well as Plaintiff's own testimony and subjective complaints—which the ALJ explained his reasons for rejecting. *Id.* The fact that the ALJ may not have specifically cited each and every piece of medical evidence he considered does not establish any actual failure to consider the evidence. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994) (rejecting as unnecessary rule requiring ALJ to specifically articulate evidence that supported decision and discuss evidence that was rejected). The ALJ further properly considered all the limitations resulting from Plaintiff's back and shoulder pain. As noted, the ALJ thoroughly discussed the relevant medical evidence, including records from Ridgewood Medical Clinic and Baylor Medical Center. A.R. 32-34. This evidence includes records of numerous physical examinations with normal findings. *See id.* 417-19, 504-08. Plaintiff may disagree with the ALJ's RFC assessment, but she has not shown that the RFC assessment is not supported by substantial evidence.

Nor has Plaintiff shown that the ALJ erred in failing to properly consider the opinions of consultative examiners Bobby Huynh, M.D., and Kanu Patel, M.D. Dr. Huynh examined Plaintiff on December 7, 2015. A.R. 609. He noted diagnoses of lumbago, cervicalgia, muscle spasm, leg joint pain, history of mitral valve prolapse,

and chronic lower back pain. *Id.* He further found Plaintiff was positive for tenderness at lumbar paraspinals, had tight muscles and tenderness to cervical paraspinals, trapezius and rhomboids, with decreased rotation, bilateral knee crepitus, and difficulty with tandem walk. *Id.* 609-10. Dr. Huynh opined that Plaintiff is unable to sit, stand or walk for extended periods and, thus, would require a sit/stand option as part of her RFC. *See id.* 613. Dr. Patel examined Plaintiff on May 11, 2016. *Id.* 697-706. He found Plaintiff had lumbar lordosis with mildly restricted range of motion, had positive straight leg raising tests bilaterally, and could not walk on her toe or heel because of back pain. *Id.* 698. Dr. Patel similarly opined that Plaintiff would require a sit/stand option and would be restricted to two hours of standing and/or walking in an eight-hour day. *See id.* 701.

In determining Plaintiff's disability status, the ALJ must consider all medical opinions, *see* 20 C.F.R. § 404.1527(b), but he is not required to give controlling weight to medical opinions of non-treating sources. *Andrews v. Astrue*, 917 F. Supp. 2d 624, 637 (N.D. Tex. 2013) (stating that an ALJ is not required to give the opinion of, *inter alia*, a consultative examiner controlling weight). In other words, the ALJ must only consider Dr. Huynh's and Dr. Patel's opinions as evidence to be weighed. *See id.* Accordingly, their medical opinions do not have controlling weight over Plaintiff's case, and the ALJ had authority to reject the consultative examiners' medical opinions, at least to the extent there is contradictory evidence in the record.

In this case, the ALJ specifically discussed both consultative examiners' opinions in his written decision. *See* A.R. 35-36. Ultimately, the ALJ decided to give Dr. Huynh's opinion only "some weight" because it was inconsistent with the other medical evidence showing Plaintiff was not as limited as Dr. Huynh found. *Id.* 35. Specifically, the ALJ stated that "[i]n the relevant period, treatment notes indicate the claimant's conditions were assessed as improving, which reflect the claimant possesses a greater functional capacity than opined by Dr. Huynh." *Id.* Plaintiff criticizes this conclusion because she contends Dr. Patel's examination did not show improvement. But, the ALJ was not referring to Dr. Patel's examination; rather, the ALJ was referring to other treatment notes, like those from Ridgewood Medical, which show that many of Plaintiff's symptoms, including her hypertension, hypothyroidism, depression, and even her pain improved when she took her medication as prescribed. *See, e.g., id.* 479 (reflecting symptom changes "better;" severity "improved;" frequency of symptoms "decreased since last visit"); *see also id.* 570, 581, 586, 591 (same). Similarly, the ALJ gave Dr. Patel's opinion "little weight" because it was inconsistent with the medical evidence of record as well as Dr. Patel's own findings. *Id.* 36. The ALJ determined the limitations found by Dr. Patel were "in stark contrast to the generally unremarkable findings within the relevant adjudicatory period, including the normal x-ray and physical examination observations made during the evaluation." *Id.* 36. Plaintiff disputes that Dr. Patel's opinions are inconsistent with the other medical evidence of record but fails to point to any evidence that shows Plaintiff is as limited as Dr. Patel

7

found. To the contrary, the record contains several unremarkable examination findings and essentially normal test results. *See id.* 418-20, 505, 507, 620, 623. The ALJ's assessment of the limiting effects of Plaintiff's severe impairments is consistent with this evidence.

Plaintiff further argues that the ALJ erred in finding that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. A.R. 31-36. In determining a claimant's RFC, the regulations require the ALJ to first determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. Once that is determined, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. *See generally* 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929. When statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by the objective medical evidence, the ALJ must make a credibility determination of the statements based on a consideration of the entire case record. The ALJ's credibility determination must be based on the following factors: a claimant's daily activities; the location, duration, frequency, and intensity of a claimant's pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication a claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, a claimant has received; any

measure a claimant has used to relieve pain or other symptoms; and other factors concerning a claimant's functional limitations and restrictions caused by pain or other symptoms. 20 C.F.R. §§ 404.1529(c), 416.929(c). "Failure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of the subjective symptoms and complaints requires reversal and remand." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. Unit A Sept. 1981) (citing *Hayes v. Celebrezze*, 311 F.2d 648, 653-54 (5th Cir. 1963)). Nonetheless, the ALJ has discretion in making his credibility determinations, and "[h]ow much pain is disabling is a factual determination for the ALJ." *Adams v. Astrue*, 340 F. App'x 219, 221 (5th Cir. 2009) (per curiam) (citing *Scharlow,* 655 F.2d at 648). An ALJ need not explicitly list each factor; instead what is required is findings that "contain specific reasons for the weight given to the individual's symptoms, [are] consistent with and supported by the evidence, and [are] clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3P, 2017 WL 5180304, at *11 (Oct. 25, 2017).

Here, the hearing transcript and the ALJ's decision clearly show the ALJ properly considered the factors relevant to assessing Plaintiff's credibility. At the August 11, 2015 hearing, Plaintiff testified extensively about her alleged limitations; the duration, frequency, and intensity of her pain; the extent of her daily activities; and the medications she takes for her conditions together with the alleged side effects of those medications. A.R. 86-99. The ALJ's written decision

9

further sets forth several reasons for finding that Plaintiff's statements about the limiting effects of her impairments are not entirely credible. *Id.* 32-34. First, the ALJ observed that the claimant's alleged impairments were routinely assessed as "better" and "improved" with treatment. *Id.* 34. He further noted that physical examination findings and diagnostic testing were unremarkable. *Id.* As discussed above, this observation—that Plaintiff's alleged limitations are not fully consistent with the medical evidence of record—is supported by substantial evidence. The ALJ also stated that he discounted Plaintiff's subjective complaints, in part, because the evidence showed she failed to follow treatment recommendations. *Id.*; *see also id.* 61-62 (expert testimony regarding Plaintiff's failure to take medications as directed for alleged mental impairment).  A claimant's unexplained failure to seek or comply with treatment weighs against her credibility. *See Clayborne v. Astrue*, 260 F. App'x 735, 737 (5th Cir. 2008) (per curiam). Finally, the ALJ stated that Plaintiff's demeanor at the hearing undermined her credibility. A.R. 34. It is not reversible error for an ALJ to consider demeanor as one of several factors in evaluating a claimant's credibility. *Taylor v. Apfel*, 172 F.3d 870, 870 (5th Cir. 1999) (per curiam); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citation omitted). In sum, the written decision is sufficiently specific to make clear to Plaintiff, and to the Court, the weight the ALJ gave to Plaintiff's statements and the reasons for that weight. Therefore, the ALJ did not err in assessing Plaintiff's credibility.

## Conclusion

The ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the hearing decision should be affirmed in all respects.

Signed February 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).